## GLOBE INDEMNITY CO. v. COOK.
### No. 5234.

Court of Appeal of Louisiana. Second Circuit.
April 3, 1936.

Chris Barnette, of Shreveport, for appellant.

Irion & Switzer, of Shreveport, for appellee.

DREW, Judge.

The K. C. S. Drug Company, Inc., carried compensation insurance on all of its employees with the Globe Indemnity Company. . At a time when this policy was in effect, to wit, October 2, 1933, one of its motorcycle delivery men received an injury to his foot in a collision between his motorcycle and a Ford car driven by the defendant. Its insurer paid all compensation due the injured man, together with hospital and doctor's bills, amounting to $109.75. The insurer, as legal subrogee, instituted this suit against the driver of the Ford car to recover the amount it had paid on account of said accident, alleging that the driver of the Ford car was guilty of negligence which was the proximate cause of the accident.

The acts of negligence alleged are:

That defendant suddenly and without warning pulled his car to the left of the street, without giving any signal of his intention to do so, at a time when Gerard, the man on the motorcycle, was attempting to pass him, thereby throwing his car directly in the path of the passing motorcycle; and, further, that defendant failed to keep a proper lookout to see that he could pull to the left without placing his car in the path of the motorcycle.

The defense set up in the answer is a denial of any negligence; and further alleges that the accident was caused by the negligence of Gerard in not giving a signal of his intention to pass, and in passing, drove his motorcycle too close to defendant's car and in doing so, ran into the side of said car. He further alleges excessive speed on the part of Gerard; and, in the alternative, pleads contributory negligence.

The lower court awarded judgment for plaintiff as prayed for, and defendant prosecutes this appeal.

The right of plaintiff to sue as subrogee is not disputed and the amount plaintiff is entitled to recover is not questioned, provided it is entitled to recover at all. The law applicable thereto is so well settled as to make it unnecessary to cite authorities; therefore the case evolves itself purely and simply into one of fact.

The accident occurred about 5 p. m. on October 2, 1933, about the middle of the 2200 block of Fetzer avenue, in the city of Shreveport. Defendant and Gerard were both traveling east; Gerard had been trailing defendant for a block and a half when he decided to pass him. Both vehicles were traveling at a moderate rate of speed. When Gerard was near the rear of defendant's car and in the act of passing it, defendant, without signaling or warning, swerved his car to the left in order to make a right-angle turn into a driveway which led to his home, on his right side of the street. This placed defendant's car directly in the path of Gerard's and, due to the suddenness of the turn and his close proximity to the car, he was unable to sufficiently turn his motorcycle so as to miss the car. The motorcycle sideswiped the car and Gerard's foot was crushed against the running board or fender. The only witnesses to the accident are Gerard and defendant, but the testimony clearly reflects the above facts. Defendant does not know whether he turned his car to the left of the road before making the turn into his driveway or not. He admits he gave no signal of such intention, if he did. Fetzer avenue runs east and west, and defendant's driveway runs north and south. Fetzer avenue is approximately 24 feet wide and, in order to make the turn into his driveway, which was a ninety-degree angle, it was necessary that defendant pull his car to the left side of the road before turning. The accident occurred about midway of the block, that is, about half way between the intersections. Gerard had every right to assume that defendant would continue on his right side of the road, and if defendant intended to stop or turn to the left side of the road, it was his duty to make sure he was not placing his car in the path of overtaking vehicles. It was also his duty to give a

signal of his intention. Defendant's car was equipped with a mirror to show him the condition of traffic to his rear, and if he had made use of this device, he would have discovered the motorcycle in its attempt to pass him. The negligence of defendant is clearly established and was the proximate cause of the accident.

The plea of contributory negligence as to the excessive speed is not proved, and as to Gerard's failure to give warning that he was going to pass, it likewise fails. It is true that the motorcycle had no sound device on it, but it is shown that before Gerard attempted to pass, he raced his motor which made as much noise as a horn. He did this for the purpose of giving warning of his intention to pass.

The other ground that he drove too close to defendant's car is not borne out by the testimony, and is disposed of heretofore in this opinion.

We find no error in the judgment of the lower court and it is affirmed, with costs.